UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KENDALL PLAIN AND PLAIN & ASSOCIATES, LLC | CIVIL ACTION |
| VERSUS | NO. 23-455-BAJ-EWD |
| SAFECO INSURANCE COMPANY OF OREGON | |

*Consolidated with*

| | |
|---|---|
| KENDALL PLAIN | CIVIL ACTION |
| VERSUS | NO. 23-713-BAJ-EWD |
| SAFECO INSURANCE COMPANY OF OREGON | |

*Consolidated with*

| | |
|---|---|
| KENDALL PLAIN AND EQUITY CAPITAL MARKETS, LLC | CIVIL ACTION |
| VERSUS | NO. 23-714-BAJ-EWD |
| SAFECO INSURANCE COMPANY OF OREGON | |

*Consolidated with*

| | |
|---|---|
| KENDALL PLAIN AND PLAIN & ASSOCIATES, LLC | CIVIL ACTION |
| VERSUS | NO. 23-718-BAJ-EWD |
| SAFECO INSURANCE COMPANY OF OREGON | |

*Consolidated with*

| | |
|---|---|
| KENDALL PLAIN AND PLAIN & ASSOCIATES, LLC | CIVIL ACTION |
| VERSUS | NO. 23-808-BAJ-EWD |
| SAFECO INSURANCE | |

| | | |
|---|---|---|
| COMPANY OF OREGON | | |
| | *Consolidated with* | |
| KENDALL PLAIN AND PLAIN & ASSOCIATES, LLC | | CIVIL ACTION |
| VERSUS | | NO. 23-817-BAJ-EWD |
| SAFECO INSURANCE COMPANY OF OREGON | | |
| | *Consolidated with* | |
| KENDALL PLAIN AND PLAIN & ASSOCIATES, LLC | | CIVIL ACTION |
| VERSUS | | NO. 23-818-BAJ-EWD |
| SAFECO INSURANCE COMPANY OF OREGON | | |
| | *Consolidated with* | |
| KENDALL PLAIN | | CIVIL ACTION |
| VERSUS | | NO. 23-819-BAJ-EWD |
| SAFECO INSURANCE COMPANY OF OREGON | | |
| | *Consolidated with* | |
| KENDALL PLAIN AND INTELLECT CAPITAL GROUP, LLC | | CIVIL ACTION |
| VERSUS | | NO. 23-820-BAJ-EWD |
| SAFECO INSURANCE COMPANY OF OREGON | | |

## RULING AND ORDER

Plaintiffs Intellect Capital Group, LLC; Plain & Associates, LLC; and Equity Capital Markets, LLC ("the Entity Plaintiffs"), who are currently unrepresented, have failed to comply with the Court's Orders to enroll counsel of record to represent them in these consolidated cases. As this Court has previously explained, to the

Entity Plaintiffs, they must be represented by an attorney to proceed in these cases. Because they have failed to timely comply with Court Orders to enroll counsel, despite ample opportunity to do so, the Court on its own motion will dismiss without prejudice the claims of the Entity Plaintiffs under Fed. R. Civ. P. 41(b).

### I. BACKGROUND

The lawsuits that have been consolidated in this case are straightforward first-party insurance coverage disputes between Plaintiffs and Safeco Insurance Company of Oregon ("Defendant") for alleged damage to various properties caused by Hurricane Ida. There are four parties proceeding as plaintiffs in these nine consolidated suits—one plaintiff is an individual, Kendall Plain. The other three plaintiffs are the Entity Plaintiffs. On December 13, 2024, Plaintiffs' counsel moved to withdraw as counsel of record for all the Plaintiffs in these proceedings. (R. Doc. 120). On December 20, 2024, the Magistrate Judge granted the Motion to Withdraw and ordered the Plaintiffs to enroll new counsel of record by no later than January 31, 2025. (R. Doc. 126, p. 9). No new counsel of record enrolled before the January 31, 2025 deadline. (R. Doc. 126, p. 3).

On February 26, 2025, the Magistrate Judge conducted a conference with the Parties to discuss the status of the Plaintiffs' attempts to enroll new counsel of record. (R. Doc. 132, p. 3). At the conclusion of the conference, the Magistrate Judge granted the Plaintiffs an additional 30-day period to enroll new counsel and continued the suspension of the Scheduling Order, over Defendant's objection. (R. Doc. 132, pp. 3-4). The Plaintiffs were ordered to enroll new counsel of record by no later than March

3

28, 2025, and were notified that failure to timely comply could result in dismissal of the claims brought by the Entity Plaintiffs in the captioned cases, without further notice. (R. Doc. 132, p. 4). However, the Plaintiffs did not timely enroll new counsel of record to represent the Entity Plaintiffs by March 28, 2025, as ordered. (R. Doc. 132).

## II. LAW AND ANALYSIS

Fed. R. Civ. P. 41(b) provides for involuntary dismissal of a suit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties. *Boudwin, v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985).

Plaintiffs' prior counsel of record was terminated as counsel of record more than three (3) months ago. Plaintiffs failed to enroll new counsel to represent the Entity Plaintiffs in these proceedings by the original January 31, 2025 deadline, as ordered. (R. Doc. 126). Now, Plaintiffs have failed to enroll new counsel to represent them by the extended deadline of March 28, 2025, after the Court provided notice to Plaintiffs that the claims of the Entity Plaintiffs were subject to dismissal if Plaintiffs did not timely enroll counsel to represent them in these proceedings. (R. Doc. 132). The deadline to enroll new counsel has come and gone. Because the Entity Plaintiffs are limited liability companies, they must be represented by counsel to proceed in these consolidated cases. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004); *American Safety LLC v. Alger*, No. 20-3451, 2021 WL 1341140, at *2 (E.D. La. Apr. 9, 2021); *Sherah's Bridal Shop, LLC v. Atain Specialty Insurance Co.*, No. 22-

813, 2023 WL 4042618 (M.D. La. May 18, 2023), report and recommendation adopted, 2023 WL 4036152 (M.D. La. June 14, 2023). Here, they have failed to timely secure counsel, despite repeated orders to do so.

Accordingly,

**IT IS ORDERED** that, pursuant to Federal Rules of Civil Procedure 41(b), the claims of Intellect Capital Group, LLC; Plain & Associates, LLC; and Equity Capital Markets, LLC, are **DISMISSED WITHOUT PREJUDICE** due to Plaintiffs' failure to enroll counsel by March 28, 2025, as required by the Court's February 26 Order.

**IT IS FURTHER ORDERED** that the claims of Intellect Capital Group, LLC; Plain & Associates, LLC; and Equity Capital Markets, LLC, may be reinstated if, within thirty (30) days of the issuance of this Order, Plaintiffs show good cause for their prior failure to comply. Any filings must be made by a licensed attorney, who is admitted to practice in this Court and formally enrolled in this case.

Baton Rouge, Louisiana, this 3rd day of April, 2025

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA